# Exhibit O

Case 1:18-cv-05498-WFK-RLM   Document 1-15   Filed 10/01/18   Page 2 of 5 PageID #: 306



900 W. 48th Place, Suite 900, Kansas City, MO 64112-1895 • 816.753.1000

June 12, 2018

Amy E. Hatch
(816) 360-4178
(816) 572-5178 Direct Fax
ahatch@polsinelli.com

**VIA FEDERAL EXPRESS**

Acropolis Gardens Realty Corp.
c/o Metropolitan Pacific Properties, Inc.
21-77 33rd Street
Astoria, NY 11105

    **Re:**    **Borrower: Acropolis Gardens Realty Corp.**
                **Original Loan Amount: $45,000,000.00**

Ladies and Gentlemen:

    This Firm is counsel to that certain securitized trust established for the benefit of the registered Holders of CSAIL 2017-CX9 Commercial Mortgage Trust Commercial Mortgage Pass-Through Certificates, Series 2017-CX9, the trustee of which is Wells Fargo Bank, National Association (**"Lender"**). KeyBank National Association is the Master Servicer for Lender. Lender and Acropolis Gardens Realty Corp. (**"Borrower"**) are parties to a certain loan transaction (the **"Loan"**), the terms and conditions of which are set forth in that certain Loan Agreement dated as of April 24, 2017 (the **"Loan Agreement"**). Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Loan Agreement.

    The Loan is further evidenced by that certain Amended, Restated and Consolidated Promissory Note, dated as of April 24, 2017, in the original principal amount of $45,000,000.00 (the **"Note"**). The indebtedness owed under the Note is secured by that certain Amended, Restated and Consolidated Mortgage, Assignment of Leases and Rents and Security Agreement, dated as of April 24, 2017 (the **"Mortgage"**) that encumbers certain real property located in Queens County, New York and all or substantially all of Borrower's personal property, all as further described in the Mortgage (collectively, the **"Property"**). Lender is the owner and holder of the Loan Agreement, the Note, the Mortgage and all other documents further evidencing, securing or executed in connection with the Loan (together with any amendments or modifications thereof, collectively, the **"Loan Documents"**)

    Under Section 5.6 of the Loan Agreement, Borrower is to deliver to Lender such documents Lender reasonably requires for the better and more effective carrying out of the intents and purposes of the Loan Documents. Further, under Section 6.3.4 of the Loan Agreement, Borrower is to furnish to Lender within 10 business days, after such reasonable

polsinelli.com

Atlanta   Boston   Chicago   Dallas   Denver   Houston   Kansas City   Los Angeles   Nashville   New York   Phoenix
St. Louis   San Francisco   Silicon Valley   Washington, D.C.   Wilmington
Polsinelli PC, Polsinelli LLP in California
64057933.1



June 12, 2018
Page 2

request by Lender, information with respect to the operation of the Property or financial affairs of Borrower. Finally, under Section 11.1.1(k), Borrower shall provide Lender with such information and documentation related to the Condominium as Lender shall reasonably request. Since December 2017, Lender has made repeated requests to Borrower to provide certain of the Condominium Documents. Borrower has ignored such requests and has failed and refused to provide the requested documents to Lender. Borrower's failure to provide Lender with the Condominium Documents upon Lender's request for the same results in a default by Borrower under Sections 5.6, 6.3.4 and Section 11.1.1(k) of the Loan Agreement.

In addition, as Lender has previously explained, under Section 3.12 of the Loan Agreement, "Borrower shall deposit with Lender … on each Payment Date … an amount (the "Monthly Common Charge Deposit") equal to the Common Charges that will be payable for the month in which such Payment Date occurs." Borrower's obligation to deposit such amounts is excused so long as "(i) no Event of Default … shall have occurred and be continuing" and "(ii) Borrower has paid all Common Charges directly to the Condominium and Borrower provides Lender with evidence thereto at least thirty (30) days prior to the due date of such Common Charges." Borrower has failed to provide evidence of payment of the Common Charges as required by Section 3.12 and has refused to deposit with Lender an amount equal to the Common Charges on each Payment Date. Thus, Borrower is in default under Section 3.12 of the Loan Agreement.

Please be advised that, under Section 8.1(o) of the Loan Agreement, an Event of Default with respect to the Loan shall exist if Borrower fails to pay any Common Charges when due. The failure to pay Common Charges may also result in certain recourse liabilities on the part of Borrower pursuant to Section 10.1(j) of the Loan Agreement. Further, under Section 8.1(m), an Event of Default shall exist with respect to the Loan if Borrower is in default under any term, covenant or condition of the Loan Agreement for 30 days, with respect to non-monetary defaults, after notice to Borrower from Lender of such default. This letter serves as such notice.

Demand is hereby made that Borrower immediately provide evidence with respect to payment of the Common Charges. If Lender does not receive such evidence on or before June 27, 2018, Lender will presume that the Common Charges have not been paid and will declare that an Event of Default has occurred under Section 8.1(o) of the Loan Agreement. Further demand is hereby further made that Borrower submit to Lender the Condominium Documents within 30 days from the date of this letter. If Borrower fails to provide the Condominium Documents as demanded herein, an Event of Default under the Loan shall occur under Section 8.1(m) of the Loan Agreement.

Case 1:18-cv-05498-WFK-RLM   Document 1-15   Filed 10/01/18   Page 4 of 5 PageID #: 308



June 12, 2018
Page 3

     Please be advised that, upon an Event of Default under the Loan Documents, Lender may pursue all available rights and remedies under the Loan Documents or at law or in equity, without further notice or demand, all as Lender may determine in its sole discretion. Such rights and remedies include collection of default interest on the Loan, the appointment of a receiver to take possession of and administer the Property, and foreclosure of the Property.

     Lender, or Lender's servicer or other agents, may, from time to time, generate automated billing statements or other statements that are forwarded to Borrower or to other persons or entities on a monthly or other periodic basis. The forwarding to you of any billing statement from this time forward, including any billing statement that purports to state amounts due and owing by Borrower that are different from the indebtedness owed, may not be relied upon by Borrower and does not result in any waiver of Lender's rights as set forth herein, all of which are reserved in their entirety.

     Any partial payment made by Borrower, or acceptance of any partial payment by Lender or any of its representatives or loan servicing agents, of any amount that is not sufficient to pay the amounts owed Lender in full is not intended, and shall not be deemed, to constitute a waiver of any of Lender's rights, remedies or recourse under the Loan Documents or at law or in equity. Any application of any such payment is not intended, and shall not be deemed, to be a modification, rearrangement or extension of the existing Loan Documents. Any such payment shall be applied in such order and manner as Lender may elect in its sole discretion or as may be provided in the Loan Documents, without any waiver by Lender of its right to pursue any of its rights or remedies under the Loan Documents or at law or in equity.

     Any past or future negotiation between you or your representatives or agents on the one hand and Lender and its representatives or agents on the other do not and shall not constitute a waiver of Lender's right to exercise its rights and remedies under the Loan Documents or at law or in equity. Any alleged waiver of any of Lender's rights shall not be effective unless in writing duly executed by an authorized representative of Lender. Neither Borrower nor any other obligor for the indebtedness owed under the Loan Documents shall be entitled to rely upon any oral statements made or purported to be made by or on behalf of Lender or its agents in connection with any alleged agreement by or on behalf of Lender to refrain from exercising any of Lender's rights under the Loan Documents or otherwise at law or in equity.

     Nothing set forth herein is intended, and nothing herein shall be deemed, to modify, limit, release, reduce, or waive any of Lender's rights, remedies, or privileges under any of the Loan Documents, or at law or in equity, all of which are hereby specifically reserved. Furthermore,

64057933.1



June 12, 2018
Page 4

the enumeration of any specific default herein is not intended, and shall not be deemed, to waive other defaults that may currently exist under the Loan Documents.

Thank you for your immediate attention to this matter.

Sincerely,

Amy E. Hatch

AEH:jag

cc:   Brooke Francis (via electronic mail)
      Brett D. Anders, Esq. (via electronic mail)

64057933.1