UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
**WELLS FARGO BANK, et al.,**

                                              **Plaintiffs,**                  **REPORT AND**
                                                                               **RECOMMENDATION**

                  **-against-**                                                      **18-CV-5498 (WFK)**

**ACROPOLIS GARDENS REALTY CORP., et al.,**

                                              **Defendants.**
------------------------------------------------------------------------x

**ROANNE L. MANN, CHIEF UNITED STATES MAGISTRATE JUDGE:**

      Currently pending before the Court in this (now-closed) mortgage foreclosure action is a letter-motion filed by non-party RL&A Services, Inc. ("RL&A), for leave to commence a state court lawsuit against defendant-mortgagor Acropolis Gardens Realty Corp. ("AGRC"), in order to foreclose on a mechanic's lien that was filed against AGRC's property. See Letter Motion . . . Requesting Relief From Stay (Aug. 14, 2019) ("RL&A Motion"), Electronic Case Filing Docket Entry ("DE") #122. The day after the motion was filed, District Judge William F. Kuntz, II referred it to this Court for a report and recommendation. See Order (Aug. 15, 2019), DE #124. For the reasons explained below, the Court recommends that RL&A's motion be granted to the extent described herein.

## BACKGROUND

      Plaintiff Wells Fargo Bank, National Association ("Wells Fargo") commenced this action on October 1, 2018, seeking foreclosure of a mortgage that encumbers certain real and personal property consisting of the residential portion of a condominium project known as the Acropolis Gardens Condominium (the "Property"), which is owned by defendant-mortgagor

AGRC. Along with its complaint, plaintiff filed a motion to appoint a receiver to protect and preserve the property due to "the manner in which the Property has been managed." See Letter Motion for a Hearing (Oct. 9, 2018) at 1, DE #14.

On October 18, 2018, Judge Kuntz granted Wells Fargo's motion to appoint a receiver. See Order Appointing Receiver (Oct. 19, 2018) ("Appointment Order"), DE #31. In the Appointment Order, Judge Kuntz directed that "no person or entity may file suit against the Receiver, in his capacity as Receiver, unless otherwise authorized in advance by this Court[.]" Id. ¶ (y). In addition, the Appointment Order provides that "the Receiver shall [not] become responsible for any debts or obligations relating to the Property incurred prior to the date of this Order . . . . [and] the Receiver . . . shall have no personal liability in connection with any obligations owed by [AGRC] to its creditors . . . ." Id. ¶¶ (jj), (z). Finally, Judge Kuntz enjoined anyone who received actual or constructive notice of the Appointment Order from "disturbing the receivership assets or from commencing any new proceedings (including collection or enforcement proceedings) that involve the Receiver, the receivership assets, or the Property, unless such person or persons first obtains the permission of the Court." Id. ¶ (nn).

On September 30, 2019, Wells Fargo and AGRC notified the Court that they had settled the case, and they filed a stipulation of discontinuance (subject to the Court's retention of jurisdiction for a one-year period), along with a proposed stipulated order relieving the Receiver of his duties and directing him to provide a final accounting and request for discharge within 90 days. See, e.g., Letter to Judge Kuntz and Judge Mann (Sept. 30, 2019), DE #131. Judge Kuntz so-ordered both stipulations that day, and the case was closed. See Order

Relieving Receivership of Duties and Obligations (Sept. 30, 2019), DE #134; Stipulation of Dismissal (Sept. 30, 2019), DE #135.

The pending motion was filed by non-party RL&A on August 14, 2019, while the Property was still in court-ordered receivership. RL&A claims in its letter-motion that it has maintained the boilers on AGRC's Property since 2007, and is "seeking to recover on monies it is owed [for labor and materials] going back as early as August 20, 2013," in the amount of $296,010, mostly "incurred prior to the appointment of the Receiver." RL&A Motion at 1. In accordance with paragraph (nn) of Judge Kuntz's Appointment Order, RL&A seeks permission to file a state lawsuit to recover these sums. See RL&A Motion at 1-2.

In opposing RL&A's motion, counsel for the Receiver asserts, without contradiction, that according to RL&A's counsel, RL&A has been paid for all work performed after the Receiver's appointment, see [Receiver's] Response in Opposition (Aug. 16, 2019) ("Receiver Opp.") ¶ 5, DE #125, and he cites paragraph (z) of the Appointment Order, see id. ¶ 4, which, as noted above, provides that the Receiver shall have no obligation to pay for services incurred prior to his appointment.

For its part, AGRC's opposition to RL&A's motion complains that RL&A violated the Appointment Order by filing a mechanic's lien against AGRC without court approval, and challenges the billings and the quality of RL&A's services. See [AGRC's] Reply in Opposition (Aug. 15, 2019) at 1-2, DE #123. In its reply, RL&A takes issue with AGRC's contentions, while conceding that it is seeking payment only for services rendered "prior to the appointment of the Receiver[.]" See Reply in Support (Aug. 16, 2019) ("RL&A Reply") at 2, DE #126.

3

## DISCUSSION

Now that the case has been settled and closed, and the Receiver relieved of his obligations vis-à-vis the Property, no reason appears why RL&A should not be permitted to initiate state court litigation against AGRC over the monies that RL&A claims it is owed. As for AGRC's challenge to the merits of the contemplated lawsuit, this Court reiterates that "this is not the forum for litigating RL&A's claims." Electronic Order (Aug. 16, 2019).

With respect to the Receiver's opposition to RL&A's motion, the Receiver is correct that he is not responsible for any debts or obligations of the Property that predate his appointment. See Receiver Opp. ¶ 4 (quoting Appointment Order ¶ (z)); see also Appointment Order ¶ (jj). Moreover, pursuant to paragraph (y) of the Appointment Order, "no person or entity may file suit against the Receiver, in his capacity as Receiver, unless otherwise authorized in advance by this Court[.]" Appointment Order ¶ (y). As RL&A seeks permission to sue under paragraph (nn), not under paragraph (y), see RL&A Motion at 1, and only for obligations that predate the Receiver's appointment, see RL&A Reply at 2, it appears that RL&A does not intend to name the Receiver as a defendant. In any event, since it is undisputed that RL&A has been paid for work performed while the Property was in receivership, RL&A should not be granted permission to sue the Receiver in a lawsuit relating to invoices for work performed before he was appointed Receiver.

## CONCLUSION

For the foregoing reasons, it is the recommendation of this Court that the District Court grant RL&A permission, pursuant to paragraph (nn) of the Appointment Order, to initiate a state court proceeding against AGRC, but not against the Receiver.

Any objections to the recommendations contained herein must be filed with Judge Kuntz on or before October 16, 2019. Failure to file objections in a timely manner may waive a right to appeal the District Court order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; Caidor v. Onondaga Cty., 517 F.3d 601, 604 (2d Cir. 2008).

**SO ORDERED.**

**Dated:** Brooklyn, New York
October 2, 2019

/s/ *Roanne L. Mann*
**ROANNE L. MANN**
**UNITED STATES CHIEF MAGISTRATE JUDGE**